Case 12-16496    Filed 02/28/13    Doc 98

FILED

FEB 28 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re ) Case No. 12-16496-B-13
)
MANUEL MAYTORENA, ) DC No. JLH-3
)
Debtor. )
)

**MEMORANDUM DECISION REGARDING MOTION FOR
SANCTIONS AGAINST DEBTOR'S COUNSEL UNDER RULE 9011**

This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, this disposition has no precedential value, see 9th Cir. BAP R. 8013-1.

Brandon M. Ormonde, Esq., of Horswill, Mederos & Soares, appeared on behalf of the creditor Fresno Police Department Credit Union.

Thomas O. Gillis, Esq., appeared on his own behalf.

The court denied confirmation of a chapter 13 plan proposed by the debtor Manuel Maytorena ("Debtor") after several parties' objections indicated that Debtor had not disclosed his interests in and transfers of real property in Schedule A and the Statement of Financial Affairs. After filing amended papers pursuant to the court's order, Debtor still did not adequately disclose the requisite information, prompting the court to again deny confirmation of Debtor's plan and to ultimately dismiss Debtor's case with a one-year bar against refiling. After dismissal, the secured creditor Fresno Police Department Credit

1

Union (the "Credit Union") filed a motion for sanctions under Rule 9011[1] against Debtor's counsel Thomas O. Gillis ("Debtor's Counsel") for filing the deficient amendments. Although the court deems Debtor's Counsel's conduct to be professionally unacceptable, the court must reluctantly deny the Credit Union's motion for sanctions on procedural grounds.

This memorandum decision contains the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7052 and 9014(c). The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 105, and General Order Nos. 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A).

## I. BACKGROUND AND FINDINGS OF FACT.

Debtor filed his petition under chapter 13 on July 26, 2012, along with his schedules, statements, and plan. In his original Schedule A, he identified owning a single real property located at 916 North Fulton Street in Fresno, California. The original Statement of Financial Affairs did not list any transfers of property within the two years prior to the petition date.

The Credit Union, the chapter 13 trustee, and two other creditors filed objections to confirmation of Debtor's original plan. These parties argued that they could not evaluate whether the plan met the liquidation test and that the plan was filed in bad faith because Debtor had not disclosed multiple transfers of real property between himself and members of his family, various real properties he owned, and any rental income earned from the properties. The court sustained these objections and then ordered Debtor to file

---

[1] Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, as enacted and promulgated *after* October 17, 2005, the effective date of the Bankruptcy Abuse Prevention & Consumer Protection Act of 2005 (BAPCPA), Pub. L. No. 109-8, 119 Stat. 23 (enacted Apr. 20, 2005).

amendments to his schedules and statements, as well as a confirmable amended plan.

Debtor timely filed these amended papers, but he still did not disclose all of the properties, transfers, and rental income identified in the prior objections. Although multiple transfers were listed on the amended Statement of Financial Affairs, only one real property was added to the amended Schedule A and no rental income was reported in the amended Schedule I. The same parties filed objections to confirmation of the amended plan on the same grounds, and the chapter 13 trustee also moved to convert Debtor's case to chapter 7 for filing his petition in bad faith. The Credit Union did not file a joinder to the trustee's motion. The court again denied confirmation of Debtor's plan and conditionally granted the trustee's motion. The order provided that Debtor's case would be converted unless Debtor elected to dismiss the case with a 180-day bar against filing another petition. Debtor chose to dismiss his case.

One day after the court entered its order dismissing the case, the Credit Union filed a motion for sanctions against Debtor's Counsel under Rule 9011, primarily for filing the amended schedules and plan without incorporating all of the undisclosed properties made known to Debtor's Counsel from the parties' objections to Debtor's original plan. For that reason, the Credit Union argued that Debtor's Counsel filed the amended plan in bad faith and that it was entitled to attorney's fees and costs in the amount of $3,406.25.[2] The Credit Union served and filed its motion for sanctions on December 19, 2012. Debtor's Counsel filed a response, which did not address the merits of the Credit Union's motion. At the hearing on the motion on January 31, 2013, the court raised the issue of the safe harbor provision found in Rule 9011(c) and ordered the parties to file supplemental briefs addressing this issue. After the parties filed their supplemental briefs, the matter was deemed submitted on February 21, 2013.

---

[2] This $3,406.25 figure represents the attorney's fees from Credit Union's counsel in attending one of the meetings of creditors, preparing the objections to both the original and amended plans, attending the hearings on both objections, and drafting the motion for sanctions.

3

## II. DISCUSSION AND CONCLUSIONS OF LAW.

<u>Sanctions Under Rule 9011.</u>  Bankruptcy Rule 9011 governs the filing of baseless and frivolous pleadings and papers in a bankruptcy case.  Subdivision (b) of the rule establishes an attorney's duty when he or she signs or files a paper:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

If an attorney violates Rule 9011(b), the court may impose sanctions against the attorney on a party's motion or on the court's own initiative.  Rule 9011(c) sets forth the appropriate procedure for when a party seeks such relief, providing the following:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b).  It shall be served as provided in Rule 7004.  *The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected,* except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b).  If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's

4

fees incurred in presenting or opposing the motion.³

Fed. R. Bankr. P. 9011(c)(1)(A) (emphasis added).

Relevant to this case, Rule 9011(c) provides for a so-called "safe harbor," where a party may not file a motion for sanctions less than 21 days after serving the motion on the offending party. This 21-day safe harbor requirement is strictly enforced. *Gschwend v. Markus (In re Markus)*, 268 B.R. 556, 565 (9th Cir. BAP 2001), *aff'd in part and rev'd in part*, 313 F.3d 1146, 1151 (9th Cir. 2002); *see also Kyle v. Dye (In re Kyle)*, 317 B.R. 390, 395 (9th Cir. BAP 2004), *aff'd*, 170 F. App'x 457 (9th Cir. 2006); *cf. Barber v. Miller*, 146 F.3d 707, 710–11 (9th Cir. 1998) (Rule 11 context). "The purpose of the safe harbor . . . is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading and thereby escape sanctions." *Barber*, 146 F.3d at 710 (emphasis omitted).

However, the "clear import of [Rule 9011(c)'s] language is that the mandatory 21 day safe harbor rule does not apply to the filing of the initial petition." *Dressler v. Seeley Co. (In re Silberkraus)*, 336 F.3d 864, 868 (9th Cir. 2003). This is because the "filing of a petition has immediate serious consequences, including the imposition of the automatic stay under § 362 of the Code, which may not be avoided by the subsequent withdrawal of the petition." Fed. R. Bankr. P. 9011 advisory committee's note (1997).

Application of the Law to the Facts. In this case, it is clear from the record that the Credit Union did not follow the mandatory safe harbor procedures pursuant to Rule 9011(c) when it filed and served the motion for sanctions on the same day, rather than waiting 21 days after service to file the motion with the court. Thus, the Credit Union's motion must be denied on this procedural basis.

Yet, the Credit Union now argues in its supplemental brief that the safe harbor

---

³ The court notes that the "safe harbor" provision in Rule 9011(c), as shown in italics, was specifically omitted by the Credit Union when it recited the above passage in its memorandum of points and authorities in support of the motion for sanctions.

5

provision does not apply to its motion because according to the Credit Union, it is seeking sanctions for Debtor's Counsel's bad faith in filing Debtor's petition. However, this differs from the position adopted by the Credit Union in its original motion for sanctions.

The first sentence of the Credit Union's motion indicates that it was seeking sanctions under Rule 9011 "for the filing of the First Amended Chapter 13 Plan," rather than for the filing of the petition. Indeed, its memorandum of points and authorities in support of the motion (and filed with the motion) illustrates this by stating the following:

> Here the Debtor and his attorney were apprised of the deficiencies in the objections to the original Chapter 13 Plan. Those deficiencies were specifically identified in that Debtor had failed to identify property owned by the Debtor, any mortgages as they pertain to those properties, and income received from those properties. *Upon filing the Amended Chapter 13 Plan*, the Debtor once again failed to address those issues and therefore the Amended Chapter 13 Plan was filed in bad faith.[4]

The focus of the Credit Union's motion and memorandum of points and authorities was on the fact that the objections to the original plan fully apprised Debtor's Counsel of the omitted properties and transfers, but that he did not correct these identified deficiencies when he filed the amended schedules and plan, thereby violating Rule 9011(b). The focus was never on Debtor's Counsel's conduct prior to the filing of the petition, at least not until the Credit Union presented this argument in its supplemental brief.

But the Credit Union now cannot say that it is seeking sanctions for Debtor's Counsel's filing of the petition in bad faith, when that was not originally the basis for sanctions put forward by the Credit Union. Instead, the court looks to the Credit Union's position taken in its motion—that Debtor's Counsel violated Rule 9011(b) by filing deficient amended schedules and plan when those deficiencies were known to him—for a number of reasons. First, Rule 9011(c) provides that a motion for sanctions "shall describe the *specific conduct* alleged to violate [Rule 9011(b)]." Fed. R. Bankr.

---

[4] Memorandum of Points and Authorities in Support of Motion for Bankruptcy Rule 9011 Sanctions, at 2–3 (ECF No. 75) (emphasis added).

6

P. 9011(c)(1)(A) (emphasis added).  The specific conduct alleged in the motion related to the amended filings, not the petition.  Second, the Credit Union never argued that the petition was filed in bad faith in either of its objections to confirmation, even though that is a confirmation requirement under § 1325(a)(7).  Third, it was the chapter 13 trustee who moved to convert Debtor's case for bad faith, and the Credit Union did not file a joinder to that motion.  Lastly, the Credit Union changed the tune of its argument for sanctions only after the court pointed out the existence of the safe harbor provision in Rule 9011 to the Credit Union at the hearing on January 31, 2013, where the Credit Union's counsel admitted that he was not aware of the safe harbor.  For these reasons, the court finds that the Credit Union's contention that it is seeking sanctions for Debtor's Counsel's filing of Debtor's petition is not supported by the record.

**III. CONCLUSION.**

Because the Credit Union's motion for sanctions against Debtor's Counsel does not concern his conduct related to the filing of Debtor's petition, the safe harbor provision pursuant to Rule 9011(c) applies and must be strictly enforced.  Since the Credit Union did not comply with the safe harbor before it filed its motion, the court cannot impose the sanctions requested by the Credit Union.  The court's decision not to impose sanctions, however, should not be interpreted as the court condoning the inappropriate actions of Debtor's Counsel.

Dated: February 28, 2013

W. Richard Lee
United States Bankruptcy Judge

7

Manuel Maytorena, Case No. 12-16496-B-13/DC No. JLH-3

Manuel Maytorena
916 N. Fulton St.
Fresno, CA 93728

Thomas O. Gillis. Esq.
Attorney at Law
1006 H Street, Suite 1
Modesto, CA 95354

Brandon M. Ormonde, Esq.
Attorney at Law
791 North Cherry Avenue
P.O. Box 29
Tulare, CA 93275

Michael H. Meyer, Esq.
Chapter 13 Trustee
P.O. Box 28950
Fresno, CA 93729-8950

Office of the U.S. Trustee
U.S. Courthouse
2500 Tulare Street, Ste. 1401
Fresno, CA 93721